UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Donald Perry, | Civ. No. 11-3464(DWF/LIB) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| Boston Scientific Family, Boston Scientific Corporation, MD Ken Stein, | |
| Defendants. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis ("IFP"), pursuant to 28 U.S.C. § 1915. (Docket No. 2). The matter has been referred to this Court for a report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed without prejudice.

Plaintiff commenced this action on November 29, 2011, by filing a civil complaint seeking redress against Defendant for selling and manufacturing an unsafe medical device. (Docket No. 1). The complaint was not accompanied by the required $350.00 filing fee, but Plaintiff instead filed an application seeking leave to proceed IFP. (Docket No. 2). However, Plaintiff is a state prison inmate, which means that he must pay an initial partial filing fee before he can proceed IFP. 28 U.S.C. § 1915(b)(1).

The Court previously determined that Plaintiff's IFP application could not be granted because Plaintiff had both failed to pay the initial partial filing fee and failed to

provide a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint" that is required in prisoner IFP actions pursuant to 28 U.S.C. § 1915. (Order, Docket No. 8, p. 2). The Court's Order stated:

> In this case, Plaintiff has not complied with § 1915(a)(2), because the trust account submitted with his IFP application does not cover "the 6-month period immediately preceding" the filing of his pleading. Plaintiff's complaint and IFP application are dated November 21, 2011, but the only trust account information that Plaintiff has submitted covers the period of January 1, 2011, to February 9, 2011. Thus, the trust account information submitted with Plaintiff's IFP application obviously does not cover "the 6-month period immediately preceding the filing of the complaint," as required by § 1915(a)(2). Because Plaintiff's present IFP application does not comply with § 1915(a)(2), the Court is unable to correctly calculate the initial partial filing fee that Plaintiff must pay pursuant to § 1915(b)(1). Therefore, Plaintiff's current IFP application cannot be granted.
>
> To correct the deficiencies of the present IFP application, Plaintiff will have to submit an entirely new amended IFP application that provides current information about his financial circumstances, including complete certified trust account information for the most recent six-month period. In order to satisfy this requirement, Plaintiff should submit his amended IFP application on the form prescribed for use in this District, and he should ensure that the "Certificate" section of that form is properly completed, and signed, by an authorized prison official.

(Docket No. 8). The December 1, 2011 Order gave Plaintiff 30 days to file a new amended IFP application satisfying the requirements of 28 U.S.C. § 1915(a)(2) and to pay the initial partial filing fee as required by 28 U.S.C. § 1915(b)(1). The Order expressly advised Plaintiff that his case would be subject to summary dismissal unless he

complied with these requirements within the time allowed.[1]

---

[1] The Court's prior order plainly stated: "If Plaintiff does not comply with <u>all</u> of the requirements of this order within the time allowed, it will be recommended that this action by summary dismissed without prejudice." (Order, Docket No. 8, p. 5).

Thereafter, on December 15, 2011, the Plaintiff filed a second application to proceed in forma pauperis with this Court. (Docket No. 11). On December 21, 2011, the Court issued an Order denying the Plaintiff's second application to proceed in forma pauperis because it failed to comply with the Court's earlier December 1, 2011 Order. The Court noted that in the second application to proceed IFP, the Plaintiff "submitted the exact same information in support of his second application as he did in his initial November 29, 2011 application to proceed in forma pauperis. Plaintiff still has not provided a <u>complete,certified trust account information for the most recent six month period</u>." (Order, Docket No. 12, p. 2). Additionally, the court noted that with this second IFP application the Plaintiff again failed to submit an initial partial filing fee as was also required by the Court's earlier December 1, 2011 Order. (Order, Docket No. 12, p. 3). The Court therefore denied Plaintiff's second application to proceed in forma pauperis and again instructed Plaintiff that he had 30 days from the issuance of the Court's second Order to comply with all the requirements of the Court's earlier December 1, 2011 Order. (Docket No. 12).

The deadline for satisfying the requirements of the Court's prior Orders has now expired. To date, however, Plaintiff has neither tendered the initial partial filing fee prescribed by § 1915(b)(1) nor has he filed complete certified trust account information for the six month period immediately proceeding the filing of his cause of action. Therefore, the Court remains unable to determine whether Plaintiff may proceed in forma pauperis on the basis of his financial status, and even assuming (without deciding) that Plaintiff qualified for IFP status, the Court cannot determine what amount under the statute

Plaintiff should pay to commence this action.   Plaintiff has not offered any explanation for his complete failure to pay both the required initial partial filing fee and to provide trust account information as required by statute and by this Court's prior Orders.   Thus, the Court finds that Plaintiff has failed to comply with the requirements set forth in the prior Orders within the time allowed.

Based on the Court's express warning regarding the consequences that would follow if Plaintiff failed to comply with its prior Orders, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice.   Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); see also Kennedy v. Dallas, Tex. Police Dept., 2006 WL 2354990, at *3 (N.D. Tex. Aug. 15, 2006 (dismissing pro se prisoner case where Plaintiff failed to court orders directing plaintiff to file a certified copy of her inmate trust account statement); In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to submit initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner lawsuit can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees (Docket No. 2) be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: February 8, 2012

                                           s/Leo I. Brisbois
                                           LEO I. BRISBOIS
                                           United States Magistrate Judge

# N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by February 22, 2012**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.